933 F.2d 1002
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cleophus VERNON, Defendant-Appellant.
 No. 91-6545.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 19, 1991.
Decided May 20, 1991.
As Amended July 15, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CR-85-305-K, CA-90-1810-K)
 Cleophus Vernon, appellant pro se.
 Breckinridge L. Willcox, United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Cleophus Vernon appeals from the district court's order refusing relief under 28 U.S.C. Sec. 2255. In his motion Vernon claimed that the Interstate Agreement on Detainers (IAD) was violated because he was shuttled back and forth between state and federal custody on numerous occasions. He also asserted that counsel was ineffective because he permitted Vernon to plead guilty in the face of an IAD violation. Finally, Vernon asserted that counsel was ineffective because he did not object to material misinformation in the presentence report. Finding no error, we affirm.
 
 
 2
 Vernon was indicted twice. Following his initial indictment, he waived his IAD rights. A superseding indictment was returned. Vernon argued that the second indictment voided his waiver. We note first that entry of a valid guilty plea waives the right to challenge an IAD violation in a post-conviction proceeding. United States v. Fulford, 825 F.2d 3, 10 (3d Cir.1987). Vernon claimed that his guilty plea was invalid because counsel did not object to the IAD violation. However, even if counsel had objected to the purported IAD error[1] and the second indictment had been dismissed, Vernon would have been prosecuted under the original indictment, which remained in effect. Thus, the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984), was not satisfied and counsel was not ineffective.
 
 
 3
 Vernon's claim that counsel was ineffective because he permitted the sentencing court to rely on materially false information in the presentence report also fails as the claim incorrectly states the facts. First, while Vernon objected to the report's reference to "ancient" convictions, Vernon did not dispute that those convictions exist. Second, Vernon himself admitted that counsel advised the court that certain properties listed in the presentence report were controlled by persons other than Vernon.
 
 
 4
 As the facts and legal contentions are presented fully in the materials before the Court and it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 We express no opinion as to whether the return of a superseding indictment invalidates a waiver of IAD rights executed prior to the return of the second indictment